Willis v. Albertson.

WILLIS v. ALBERTSON.*

*N. Y. Supreme Court, First District, Special Term; February,* 1888.

1. *Evidence.*] It requires very clear proof to hold that an officer has falsely certified that the execution of a deed has been acknowledged before him.†

2. *Married woman; power to contract.*] Since L. 1884, p. 465, c. 381,—providing in effect that married women may contract as if single; except that the act is not to apply to any contract made between husband and wife,—a married woman has power to convey her separate estate to a third person in consideration of his becoming a surety for her husband.

3. *Consideration; bona fide purchaser.*] One who takes a conveyance in consideration of his becoming surety for a third person, other than the grantor,—who in this case was a married woman,—is not to be deemed a bona fide purchaser, if the undertaking of suretyship appears, by the date of its signature and authentication,

* The significance of this and the following case is in the importance of the principle which has been often overlooked by conveyancers,—viz., that in not a few cases the validity of an instrument executed under their direction may depend on whether the consideration passed simultaneously with the act which operated as the legal and effectual delivery of a deed by the grantor. This principle is of special importance where one seeks to maintain his right as a bona fide purchaser for value, against the undisclosed equities of another claimant ; for in such case the burden both of pleading and proof is rigidly imposed upon the alleged bona fide purchaser to show the parting with consideration at the time of the transaction. *Abb. Tr. Ev.* 715.

† See *Abb. Tr. Ev.* 175.

by oath, to have been entered into several days before execution of the deed as shown by the date of the deed and the date of the acknowledgment.

Trial by the court.

The facts appear in the opinion.

*J. H. Hull*, for plaintiff.

*W. Settle*, for defendant.

LAWRENCE, J.—This being an action between the parties to the deed, it is immaterial whether the instrument was acknowledged by Mrs. Willis (Wood *v.* Chapin, 13 *N. Y.* p. 509). I am, however, very strongly inclined to the opinion that the execution of the instrument was acknowledged before the notary, and that the plaintiff has forgotten the transaction.

There is no doubt about the genuineness of the signature to the deed. It is not disputed.

To hold that the notary falsely certified that the execution of the deed had been acknowledged before him, would be to find him guilty of a crime, which should not be asserted except upon the clearest proof.

The deed in question was executed after chapter 381 of the Laws of 1884 took effect, and the objection that the plaintiff was incompetent as a married woman to make such a contract is without force.

The point that the deed was executed without consideration I regard as of more importance.

Conceding that becoming a surety upon the undertaking referred to in the testimony, upon the appeal taken by her husband, might have been a good consideration for the deed, this difficulty is encountered :

Although Mr. Albertson testifies that he received the deed the morning that he signed the bond—*i. e.*, the under-

taking,—it is quite apparent that in this statement he is mistaken, because it distinctly appears from the evidence that the undertaking purports to have been signed by him on the 24th, and sworn to on August 26, 1886, several days before the date of the deed and of the acknowledgment of its execution. This being so, there was no consideration for the execution of the deed by Mrs. Willis, such as to constitute Albertson a bona fide purchaser against her, and the presumption of consideration which arises under the statute from the fact that there is a seal is overthrown.

There is no consideration expressed in the deed, and as the consideration alleged is shown to have passed to Willis several days before his wife executed or acknowledged it, the case falls within the rule that to constitute a valid conveyance by way of bargain and sale, there must be a valid consideration expressed in the deed, or proved independent of it (Wood v. Chapin, 13 N. Y. 509, 517, and cases cited).

The only consideration proved in this case, was a consideration which had passed before the execution and delivery of the deed.

On these facts, I think that the plaintiff is entitled to a decree that the deed be cancelled.